THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CIVIL ACTION NO. 5:06-CV-00216-F

| | |
|---|---|
| MARK MAHONEY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>STANDARD PARKING )<br>CORPORATION; )<br>and )<br>AMERICAN AIRLINES, INC. )<br>)<br>Defendants. ) | **AMENDED ANSWER OF DEFENDANT<br>AMERICAN AIRLINES, INC.** |

Defendant, American Airlines, Inc. ("American Airlines"), responds to Plaintiff's Complaint as follows:

**FIRST DEFENSE**

Without waiving any other defenses asserted herein, American Airlines answers the enumerated paragraphs of the Complaint in the following manner:

1. American Airlines is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 1 and therefore denies them.

2. American Airlines is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 2 and therefore denies them.

3. American Airlines is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 3 and therefore denies them

4. American Airlines admits the allegations in Paragraph 4.

5. American Airlines admits the allegations in Paragraph 5.

#878744_2.DOC

6. American Airlines is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 6 and therefore denies them.

7. American Airlines admits that it operates flights into and out of one or more terminals at the Dallas/Fort Worth International Airport ("DFW Airport") and did so at all times referenced in the Complaint. American Airlines denies that it operates and maintains the entirety of all terminals at DFW Airport at which it operates flights and denies that it operates or maintains the terminal at which Plaintiff and his wife arrived on January 6, 2005. American Airlines further alleges, upon information and belief, that it did not lease the location at which Plaintiff was injured, and that it had no control over this location. American Airlines further alleges, upon information and belief, that whether or not it leased the location at which Plaintiff was injured, Dallas/Fort Worth International Airport Board ("Airport Board"), which is the lessor of airport property, had all responsibility for maintenance, repair or replacement at the location of Plaintiff's injury. American Airlines further alleges, upon information and belief, that all duties to Plaintiff regarding maintenance of terminal grounds rested with the Airport Board, not with American Airlines. The remainder of Paragraph 7 purports to state legal conclusions to which no response is required. To the extent that a response is deemed to be required, American Airlines denies the remaining allegations set forth in Paragraph 7.

8. American Airlines admits that on January 6, 2005, Mark and Nita Mahoney arrived at DFW Airport from Raleigh-Durham International Airport on American Airlines flight number 1043 at approximately 5:00 pm. To the extent that any further response is deemed to be required, American Airlines denies the remaining allegations set forth in Paragraph 8.

9. American Airlines admits that Plaintiff and his wife collected their luggage at baggage claim B17. American Airlines is without knowledge or information to form a belief as

to the truth or falsity of the remainder of the allegations of Paragraph 9 and therefore denies them.

10. American Airlines is without knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 10 and therefore denies them.

11. American Airlines is without knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 11 and therefore denies them.

12. American Airlines is without knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 12 and therefore denies them.

13. American Airlines is without knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 13 and therefore denies them.

14. American Airlines is without knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 14 and therefore denies them.

15. American Airlines is without knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 15 and therefore denies them.

16. American Airlines is without knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 16 and therefore denies them.

17. American Airlines is without knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 17 and therefore denies them.

18. American Airlines admits that some of the curbing and roadways outside terminals at DFW Airport are made of concrete or similar impervious material, that some of these areas are covered by various overhead structures, and that some of these areas are illuminated by artificial lighting. American Airlines denies the remainder of the allegations in Paragraph 18.

19. American Airlines is without knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 19 and therefore denies them.

20. American Airlines is without knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 20 and therefore denies them.

21. American Airlines is without knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 21 and therefore denies them.

22. The allegations set forth in Paragraph 22 purport to state legal conclusions to which no response is required. To the extent that a response is deemed to be required, American Airlines denies the allegations set forth in Paragraph 22.

23 (including subparagraphs a-j). The allegations set forth in Paragraph 23 are not addressed to American Airlines. To the extent that a response is deemed to be required, American Airlines denies the allegations set forth in Paragraph 23.

24 (including subparagraphs a-f). American Airlines denies the allegations set forth in Paragraph 24.

25. American Airlines denies the allegations set forth in Paragraph 25.

26 (including subparagraphs a-e). American Airlines denies the allegations set forth in Paragraph 26.

27. American Airlines denies the allegations set forth in Paragraph 27.

## SECOND DEFENSE

The Complaint should be dismissed under Rule 12(b)(7) of the Federal Rules of Civil Procedure for failure to join a necessary party.

## THIRD DEFENSE

Plaintiff was negligent in failing to exercise ordinary care for his own safety, and his own negligence was at least one proximate cause of his injuries. Plaintiff also assumed the risk of his actions, and this knowing and intelligent assumption was at least one proximate cause of his injuries. American Airlines further alleges that Plaintiff was careless and negligent in failing to keep a proper lookout, in failing to pay proper heed to his surroundings, in failing to pay proper attention to where he was stepping, in failing to exercise such care and caution as was reasonably required by the circumstances and conditions then and there existing, in failing to use due care for his own safety, in failing to observe any obvious condition of the area where he was walking and stepping, and in such other particulars not herein set forth, but as shall be shown at the trial of this action.

Plaintiff's contributory negligence should bar him from recovery in this action. Additionally, Plaintiff's negligence amounted to more than 50% of the cause of his injuries, and his comparative negligence should bar him from recovery in this action. Alternatively, Plaintiff's own negligence should reduce or eliminate his recovery in this action.

## FOURTH DEFENSE

To the extent American Airlines is alleged to have responsibility for the condition and maintenance of the curbing and roadways on which the Plaintiff claims he was injured, which American Airlines denies upon information and belief, American Airlines owed no duty to Plaintiff in relation to the condition of the curbing and roadways. American Airlines owed Plaintiff no duty because this condition was so open and obvious that Plaintiff should be charged with knowledge of its condition, and for other reasons not herein set forth, but as shall be shown at the trial of this action.

#878744_2.DOC

## FIFTH DEFENSE

To the extent American Airlines is alleged to have acted negligently, which American Airlines denies, there was a new and independent cause, and/or superseding cause, created by an independent third party that destroyed the causal connection between American Airlines' alleged actions and Plaintiff's injury. This new and independent cause was unforeseeable to American Airlines, and should bar Plaintiff's recovery in this action.

## SIXTH DEFENSE

Plaintiff has failed to mitigate his damages.

## NON-WAIVER OF DEFENSES AND OBJECTIONS

American Airlines does not waive any other defenses or objections it may have to the claims asserted in Plaintiff's Complaint, and American Airlines specifically reserves the right to assert such defenses and objections as they become known through discovery or other procedures.

WHEREFORE, Defendant American Airlines respectfully requests:

a. that Plaintiff have and recover nothing of American Airlines in this action;

b. that the Complaint be dismissed in its entirety;

c. that American Airlines be awarded its costs incurred in defending this action; and

d. such other and further relief as the Court may deem just and proper.

This the 26th day of June, 2006.

                SMITH, ANDERSON, BLOUNT, DORSETT,
                MITCHELL & JERNIGAN, LLP.

                By: /s/ Caroline N. Belk
                    Mark A. Ash, mash@smithlaw.com
                    NCSB No. 13967
                    Caroline N. Belk, cbelk@smithlaw.com
                    NCSB No. 32574
                    P.O. Box 2611
                    Raleigh, NC  27602-2611
                    (919) 821-1220
                    Fax: (919) 821-6800
                    *Attorneys for Defendant American Airlines, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on June 26, 2006, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system. Notification of such filing was given to the following by the CM/ECF system to those registered, or by mailing a copy of the same by U.S. Mail, postage paid, to parties who are not registered to receive a Notice of Electronic Filing for this case:

Electronic Notice via the CM/ECF System:

>Derek Crump
>Brown, Crump, Vanore & Tierney, L.L.P
>dcrump@bcvtlaw.com
>*Attorney for Defendant Standard Parking Corporation*

Service by U.S. Mail:

>Kurt L. Dixon
>406 New Rail Drive
>Cary, N.C. 27513
>*Attorney for Plaintiff*

/s/ Caroline N. Belk

#878744_2.DOC

8

Case 5:06-cv-00216-F   Document 10   Filed 06/26/2006   Page 8 of 8